Nov. Term,
1859.

FREE
v.
THE STATE.

FREE *v.* THE STATE.

It does not follow that because the owner of stolen goods, and his family, have no knowledge of the fact that the goods have been stolen, there is a concealment of the fact on the part of the thief.

*Quœre,* what would amount to such a concealment.

Tuesday,
December 6.

APPEAL from the *Steuben* Circuit Court.

WORDEN, J.—Indictment against the appellant for larceny. The indictment was found at the *March* term of the Court, 1858, and charged the defendant with the larceny of certain goods of one *George Emerson*, on the 10th day of *October*, 1855. It also charges that he concealed the fact of such larceny from the time it was committed until the 1st of *March*, 1858.

Trial, conviction of petit larceny, motion for a new trial overruled, and judgment on the verdict.

On the trial of the cause the Court gave to the jury the following instruction, to which the defendant excepted, viz.:.

"If you believe, from the evidence, that the defendant did, in the month of *October*, 1855, steal the goods mentioned in the indictment; that *Emerson*, the owner of the goods, knew them at the time to have been stolen, you should acquit the defendant. But if *Emerson* and his family did not know that the larceny of the goods had taken place, and *Emerson*, or his family, did not know, or had good reason to believe, the crime had been committed, until within two years before the finding of the indictment, you may find the defendant guilty, if all the other facts necessary be proven."

Prosecutions for larceny are barred by the lapse of two years from the time the offense is committed; but where the person committing the offense "conceals the fact of the crime," the time of such concealment is not to be included in computing the period of limitation. 2 R. S. p. 363.

We are not called upon in this case to determine precisely what would amount to a concealment of the fact of

the crime, or whether the mere silence of the accused, and his failure to proclaim such crime, would be a concealment within the meaning of the statute. The charge given by the Court, assumes that unless *Emerson*, the owner of the goods, or his family, knew that the crime had been committed, or had good reason to believe it had been committed, there must necessarily have been a concealment on the part of the accused, although the balance of the world might have known it.

It does not follow, because the owner of stolen goods, and his family, have no knowledge of the fact that the goods have been stolen, that there is a concealment of the crime on the part of the thief. Such crime may be openly and publicly proclaimed and known to the officers of the law, and the community in general, and yet not come to the knowledge of the owner of the goods, or his family.

There was evidence before the jury strongly tending to repel the idea of a concealment, and the charge, we think, was wrong, and probably misled the jury.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Ellison,* for the appellant.