May Term, 1860.

JONES
v.
THE STATE.

*G. H. Holland*, for the appellee.

---

## JONES *v.* THE STATE.

The concealment of "the fact of the crime" which suspends the operation of the statute of limitation, must be a concealment of the fact that a crime has been committed, unconnected with the fact that the accused was the perpetrator.

Such concealment must be the result of positive acts done by the accused, and calculated to prevent a discovery that the offense has been committed.

And the indictment must specifically charge such acts of concealment.

Monday, May 28. ·

APPEAL from the *Bartholomew* Circuit Court.

DAVISON, J.—This was a prosecution for grand larceny, commenced *April* 19, 1859.

The indictment charges that the defendant, on the 3d of *September*, 1856, at the county of *Bartholomew*, one mare, of the value of 150 dollars, of the personal property of

*George W. Mounts*, then and there being found, .feloniously did steal, take, lead, drive, and ride away. And further, that the defendant, from the said 3d of *September*, 1856, till the 1st of *January*, 1859, did conceal the fact of the larceny aforesaid.

The defendant moved to quash the indictment; but the motion was overruled, and he excepted.

As has been seen, this prosecution was commenced *April* 19, 1859, more than two years after the larceny is alleged to have been committed. The indictment was, therefore, barred by the statute of limitations, unless the averment that defendant concealed the fact of the crime is effective to prevent such a result.

Section 13 of the statute to which we have referred, provides thus: "If any person who has committed an offense is absent from the state, or so conceals himself that process cannot be served upon him, or conceals the fact of the crime, the time of absence or concealment is not to be included in computing the period of limitation." 2 R. S. p. 363, § 13.

As we construe this provision, the words "conceals the fact of the crime," must be held to mean the concealment of the fact that a crime had been committed, unconnected with the fact that the accused was the guilty perpetrator; and further, the enactment evidently intends that the concealment of the fact of the crime must be the result of positive acts done by the accused, and calculated to prevent a discovery of the fact of the commission of the offense of which he stands charged.

This exposition being correct, and we think it is, the inquiry arises, is the averment, simply that the defendant "did conceal the fact of the larceny," sufficient, without alleging any specific act done or means used by him to produce such concealment?

In *Bowles* v. *The State*, 13 Ind. R. 427, the charge was, that *Bowles*, having unlawfully brought a negro woman named *Polin* into this state, did unlawfully encourage her to remain in the state, contrary, &c. *Held*, that the charge of encouragement, though it follows the statute, is too

vague. The particular acts of encouragement should have been stated. This decision, it is true, relates to the particular acts which constitute the offense; still the principle upon which that case was decided may well apply to the point under consideration; because it seems equally essential that the positive acts which constitute the concealment of the fact of the crime should be stated. Unless the state, by her pleading, apprises the accused of the acts of concealment upon which she intends to rely, he may not be prepared to resist the effort to deprive him of his right to set up the statute of limitations in bar of the prosecution.

We are unanimously of opinion that the motion to quash should have prevailed.

The defendant having pleaded not guilty, the cause was submitted to a jury, who found for the state; and the Court, having refused a new trial, rendered judgment, &c. For the error in its refusal to quash the indictment, this judgment must be reversed.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*F. T. Hord,* for the appellant.

*J. E. McDonald,* Attorney General, for the state.