## DICK WILSON v. THE STATE.

1. THEFT—WANT OF CONSENT.—The want of consent of the owner in prosecutions for theft may be established by circumstantial evidence.
2. THEFT OF DIFFERENT ARTICLES.—The stealing of different articles of property belonging to different persons, at the same time and place, so that the transaction is the same, is but one offense against the State. The accused cannot be convicted on separate indictments charging different parts of one transaction as in each a distinct offense. A conviction on one of the indictments bars a prosecution on the others. '

APPEAL from the Criminal District Court of the city of Dallas. Tried below before the Hon. Silas Hare.

The facts are stated in the opinion.

*A. J. Peeler, Assistant Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—In this case there was no appearance for the appellant. The case was submitted for the State on the brief of the Assistant Attorney General.

There were two indictments pending in the Criminal Court of Dallas city against the appellant. In the first one, numbered on the docket of the Criminal Court 2398, the defendant was charged with theft of a gelding belonging to Granville Criner, charged in the indictment to have been taken from the possession of D. N. Harden, who, as averred, was holding the animal for the owner. The other indictment, numbered on the docket 2399, and found at the same term of the court, charged the defendant with theft of a saddle, bridle, and blanket, one pair of saddle-bags, one umbrella, three shirts, one pair pants, two pairs of drawers, belonging to D. N. Harden, and taken from his possession on the 10th day of July, 1874, being the same day the gelding was stolen from him.

It appears that the defendant was first put upon his trial on indictment No. 2399, charging him with stealing the saddle, bridle, and blanket, &c., on which charge he was convicted by the jury, and his punishment assessed at a fine of one hundred dollars and one year's confinement in the county jail; and by the judgment of the court he was remanded to the custody of the sheriff until the fine and costs were paid, and for the further term of one year, according to the verdict of the jury.

On his trial for stealing the gelding, as charged in indictment No. 2398, the defendant pleaded the former conviction on the indictment No. 2399 as a bar, and asked to be discharged from further prosecution, because the offense for

which he had been tried and convicted was in fact and in law the same offense of which he then stood charged. Upon the motion of the District Attorney the plea was stricken out by the court. The case being submitted to a jury a verdict was returned assessing the punishment at fifteen years confinement in the penitentiary. The motion for a new trial being overruled, the defendant has appealed.

The court did not err in refusing to give the special charges asked by the defendant, being one of the grounds of the motion for a new trial.

The first charge asked by the defendant was to the effect that the State could only prove that Granville Criner, the owner, did not give his consent to defendant to take the gelding by Criner himself, or by the confession of the defendant. The court instructed the jury "that the want of the owner's consent could be established by the evidence of the party from whom the property was taken or the party who was the owner, or it may be established by facts and circumstances, provided such circumstances so proven are of such a nature as to exclude absolutely every reasonable presumption that the owner gave his consent to the taking."

The appellant has no just ground to complain of this charge. (Lowrance *v*. The State, 4 Yerg., 145; Free *v*. The State, 13 Ind., 324.)

The second charge refused was given substantially in the general charge, and the court was not required to repeat it.

The fourth ground of the motion for a new trial presents the material question in the case, to wit: because the court erred in striking out defendant's plea of *autrefois convict*.

Wharton, in his work on American Criminal Law, (1 vol., sec. 570,) says: "Whenever the offenses charged in the two indictments are capable of being legally identified as the same offense by averments, it is a question of fact for a jury to determine whether the averments be supported and the offenses be the same. In such cases the replication ought to conclude to the country. But when the plea of *autrefois*

*acquit,* upon its face, shows that the offenses are legally distinct, and incapable of identification by averments, as they must be in all material points, the replication of *nul tiel* record may conclude with a verification. In the latter case, the court, without the intervention of a jury, may decide the issue."

The same rules apply to the plea of *autrefois convict.*

" The plea," says Bishop, "must set out the record of the former conviction or acquittal, including the caption and indictment, and allege that the two offenses are the same, and that the defendant in the former is the same person who is the defendant in the latter." (1 Bishop's Cr. Pro., secs. 814, 816.)

" When there are special pleas upon which the jury are to find, they must say in their verdict that the matters alleged in such pleas are either true or untrue." (Code Cr. Pro., art. 3091, Paschal's Dig.)

In the case of Davis *v.* The State, (42 Texas, 494,) the court said: "It would certainly be most in harmony with our general practice to submit both issues (the plea of not guilty and plea of former conviction) to the jury, with directions to first consider the special plea; and if they found that to be true, to proceed no further than to return their verdict upon it."

The rule to be deduced from the authorities is, that where the offenses charged in different indictments are so diverse as not to admit of proof that they are the same, the court may decide the issue without submitting it to a jury.

In the case of Boggess *v.* The State, from McLennan county, decided at Austin, (43 Tex., 347,) the action of the court sustaining exceptions to the plea was held to be correct.

In the case at bar we are not able to say that it necessarily appears by the record that the offenses are incapable of identification. The plea alleges that they are the same, and that the defendant is the same person in both indictments. The theft as alleged in both indictments is charged to have been

committed on the same day and from the same person. In one case he was the owner of the property, and in the other he was in possession, and holding the same for the owner, according to the allegations of the indictment.

If we look to the evidence on the trial for the theft of the gelding, as may be done in considering the motion for a new trial, it will be seen that D. N. Harden, from whose possession the property was taken, testified that a new saddle, a pair of saddle-bags filled with clothing, a blanket, and an umbrella strapped on the saddle, were on the horse at the time he was taken, being in part such articles as are described in the indictment. The saddle-bags may have contained the other articles mentioned in the indictment. The horse and the saddle and saddle-bags belonged to Granville Criner, leaving it to be inferred that the other articles belonged to the witness Harden, as averred in the indictment.

" To sustain this plea, (*autrefois convict* or *acquit*,) it is not sufficient simply to put in the former record; some evidence must be given that the offenses charged in the former and present indictments are the same. This may be done by showing, by some person present at the former trial, what was the offense actually investigated there; and, if that is consistent with the charge in the second indictment, a presumptive case will thus be made out, which must be met by proof on the other side of the diversity of the two offenses." (1 Bishop's Cr. Pro., sec. 816.) Both of the pleas, of former conviction and not guilty, should have been submitted to the jury for their action, under the direction of the court, as indicated in the opinion.

As the case must be reversed for the error in striking out the plea of former conviction, it becomes necessary to inquire as to what effect shall be given to the plea if found to be true. On the supposition that the horse and saddle and saddle-bags belonged to Criner, and the other articles belonged to Harden, and that all were taken at some time and place, and from the possession of the same person, the question

would be whether the taking in the supposed case would be distinct larcenies, or only one offense. The authorities are found to be conflicting on the question.

Wharton says: "Where a man simultaneously steals two articles—e. g., a horse and a saddle together—he may be convicted on separate indictments for each offense," (sec. 565, referring to the State v. Thurston, 2 McM., (South Carolina,) 382.) In this case the defendant was indicted for stealing cotton belonging to three different individuals, and was convicted in the three 'cases; and the conviction in one case was held to be no bar to the conviction in the two other. The court said: "The stealing of the goods of different persons is always a distinct felony, or may, at least, be so treated by the solicitor, if in his discretion he thinks proper so to do." Wharton also refers to the case of the Commonwealth v. Andrews, 2 Mass., 409—an indictment for receiving stolen goods belonging to different persons.

These cases and some others citing English authority sustain the doctrine contended for. The great weight of American authorities is believed to be the other way.

In the State v. Williams, 10 Humph., 101, a case for stealing a gelding, one saddle, one blanket, a bridle and martingale, the court said: "The crime is single. All the things are charged to have been taken at the same time, the same place, and to have been the property of the same individual. The crime being one, is indivisable; that is, the State could not maintain separate prosecutions against the prisoner for stealing the horse, for stealing the saddle, for stealing the blanket, for stealing the bridle, for stealing the martingale; for this would be to punish him five times for one offense; and yet this would be the consequence if the positions assumed in behalf of the prisoner were sustained."

Also Lorton v. The State, 7 Mo. Rep., 55. Lorton was indicted by the grand jury of St. Louis county for stealing the goods of Richard Curle, and at the same time was indicted for stealing the goods of John B. Gibson. The

defendant plead guilty to the first indictment, and to the second plead a former conviction for the same offense. The prisoner had been sentenced under the first indictment to two years imprisonment in the penitentiary. On the second trial he asked the court to instruct the jury that if they believed from the evidence that the goods of Curle and Gibson were stolen at one and the same time, then the circumstance of said goods belonging to separate owners did not constitute several offenses, and that if any person by the same act and at the same time should steal the goods of A, B, and C, this constituted but one felony or offense against the State; and that if they should believe, under the preceding instruction, that the stealing of the goods of said Curle and Gibson was one transaction, then the former conviction of the prisoner operated as a bar. This instruction was refused. On appeal to the Supreme Court it was held that the instruction should have been given.

The Supreme Court said: "The stealing of several articles of property at the same time and place undoubtedly constitutes but one offense against the laws; and the circumstance of several ownerships cannot increase or mitigate the nature of the offense."

In the general form of indictment at common law for larceny, the goods are described as belonging to different owners. (3 Chitty's Cr. Law, 959.)

Under this form is found the following note: "Where several persons' goods are taken at the same time, so that the transaction is the same, the indictment may properly include the whole; but not so if the takings were at different times." Here the stealing of the goods of different persons at the same time is treated as grand larceny, and as being but one transaction.

In the case of Jackson *v.* The State and the case of Laupher *v.* The State, (14 Ind. R., 327, reporting but one of the cases,) the indictment charged the defendant with stealing two horses. It appeared that he stole with the horses saddles

and bridles, though not so charged in the indictment, and this was objected to as a fatal variance. The court held "that the omission to include in the indictment other articles stolen at the same time, and forming a part of a single offense, was for the defendant's benefit, if it had any bearing upon the case." "The State cannot split up one crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime."

Also Roberts and Copenhaven *v.* The State of Georgia, 14 Ga., 12. In this case the court said: "The plea of *autrefois acquit* or *convict* is sufficient, whenever the proof shows the second case to be the same transaction with the first."

On the same point, 2 Graham and Waterman on New Trials, 54, 55.

Our conclusion is that the stealing of different articles of property belonging to different persons at the same time and place, so that the transaction is the same, is but one offense against the State, and that the accused cannot be convicted on separate indictments charging different parts of one transaction as a distinct offense. A conviction on one of the indictments bars a prosecution on the other.

Whether or not the appellant can bring his case within this rule can only appear on another trial.

The present case does not affect the punishment of theft under specified circumstances, as where it is coupled with burglary, and the punishment is doubled as provided by the statute.

It is not necessary to decide to what extent offenses other than theft may come within the scope of this opinion.

For the error in striking out the special plea in bar, the case is reversed and remanded.

REVERSED AND REMANDED.