## THE STATE *v.* FRIES.

CRIMINAL LAW.—*Statute of Limitations.*—*Concealment of Crime.*—*Forgery.*— In an indictment charging that the defendant, while trustee of a certain township, falsely, fraudulently and feloniously altered a certain receipt taken by him as such trustee for money by him paid to the person who signed the receipt, out of the funds of the township, and for its benefit,

by raising the amount of said receipt, with the felonious intent to defraud said township, it was alleged that the defendant, in his settlement with his successor in said office, for the purpose of concealing said alteration, falsely and fraudulently made his report and annual settlement sheet and account and his record to correspond with said receipt as so altered, by making the entries therein falsely show the payment by him of the amount of money mentioned in said altered receipt as indicated thereby, and then and there and thereby concealed the fact of said crime, whereby it was not discovered until, etc., showing that, by not including the time of the alleged concealment, there was a lapse of less than two years between the commission of the offence and the commencement of the prosecution, but that by including the period of concealment, more than two years intervened.

*Held,* that the allegation as to concealment was not sufficient, such entries in the public records of the township not being a concealment of the fact of the crime.

From the Franklin Circuit Court.

*C. A. Buskirk,* Attorney General, and *Berry & Berry,* for the State.

BIDDLE, J. — Indictment for forgery. The crime is charged as follows:

"That, on the 8th day of April, 1869, and from that time continuously up to the 20th day of October, A. D. 1872, one Anthony Fries was trustee of Brookville township, Franklin county, State of Indiana, duly and lawfully elected and qualified; that, while acting in his official capacity as such trustee, the said Anthony Fries, on the 6th day of April, A. D. 1872, at said county, paid over to one Henry Crist the sum of one dollar and ninety cents, for wood delivered for school district number six, in said township and county aforesaid; said sum of money being paid out of the funds of said township aforesaid; said Anthony Fries took, as such trustee aforesaid, a receipt from said Henry Crist, under the name and style of 'H. Crist,' for said amount of money, in the figures and words following, to wit:

"'$1.90.          BROOKVILLE, IND., April 6th, 1872.

"'Received of Anthony Fries, trustee of Brookville township, Franklin county, Ind., the sum of one dollar and ninety cents, for wood delivered school district number six.

"'H. CRIST.'

"And that afterwards, to wit, on the 20th day of September, 1872, at said county, said Anthony Fries unlawfully, feloniously, and falsely forged, changed and altered said receipt aforesaid, by then and there changing and altering the figures on the margin of said receipt, and making them read '$21.90,' instead of '$1.90,' and by then and there inserting the word 'twenty' in the said receipt, before the word 'one' in said receipt, then and there making said receipt read 'twenty-one' instead of 'one,' and then and there and thereby causing and making said receipt first mentioned above to read as follows, to wit:

"'$21.90.          BROOKVILLE, IND., April 6th, 1872.

"'Received of Anthony Fries, trustee of Brookville township, Franklin county, Ind., the sum of twenty-one dollars and ninety cents for wood delivered school district number six.                              H. CRIST,'

"With the felonious intent then and there and thereby to defraud the said Brookville township aforesaid; and afterwards, to wit, on the 20th day of October, 1872, at said county, the said Anthony Fries made a settlement with Louis M. Wiley, his successor in said office of trustee of said township in said county, duly and lawfully elected and qualified as required by law; and the said Anthony Fries, for the purpose of concealing the fact of said crime, to wit, the alteration of said receipt as aforesaid, then and there falsely and fraudulently made his report and annual settlement sheet and account and his record correspond with said false, forged and altered receipt, by then and there making the entries therein falsely show that he had, then and there, on the 6th day of April, 1872, paid out the said sum of twenty-one dollars and ninety cents, as first above mentioned, and then and there and thereby concealed the fact of said crime as aforesaid, whereby the said crime was not discovered until the 2d day of January, 1875; contrary," etc.

The indictment was quashed, on motion of defendant. The State excepted and appeals.

It will be observed, by the dates in the indictment, that the prosecution is barred by the lapse of time—two years—unless the time of the concealment of the crime, as alleged in the indictment, is excluded in computing the period of limitation. The sufficiency of the allegation of the concealment, therefore, is the main question presented in the case.

A construction was given to the statute, 2 Rev. Stat. 1876, p. 374, sec. 13, as far as this question is involved, in the case of *Jones* v. *The State*, 14 Ind. 120, wherein it was decided that the words "conceals the fact of the crime" must be held to mean the concealment of the fact that a crime had been committed, unconnected with the fact that the accused was the guilty perpetrator; and further, that such concealment must be the result of positive acts done by the accused, which were calculated to prevent the discovery of the fact of such crime. See, also, *Free* v. *The State*, 13 Ind. 324; *Ulmer* v. *The State*, 14 Ind. 52.

We cannot hold that the averment of concealment in this indictment is sufficient to bring the case within the exception of the statute.

We think the fact alleged, that the defendant, in his settlement with his successor, adjusted his account to correspond with the forged receipt, and thus made it a part of the public records of the township, open to the inspection of all persons who might be interested in the affairs of the office, was not calculated to prevent the discovery of the forgery; indeed, it seems to us to tend rather to the discovery than the concealment of the fact of the crime.

In our opinion, the court committed no error in quashing the indictment.

The judgment is affirmed.