## ROBINSON v. THE STATE.

CRIMINAL LAW.—*Fornication.—Indictment.—Statute of Limitations.—Concealment of Offence.—Statute Construed.*—An indictment for open and notorious fornication alleged that the defendant, during a time specified, more than two years prior to the finding of the indictment, had openly lived and cohabited with a certain unmarried woman, and had "concealed the fact of said crime until," etc., "by publicly acknowledging and claiming the said" woman "to be his wife."

*Held,* that the indictment is insufficient, the alleged concealment not being of the *fact* of the crime charged.

*Held,* also, that the mere denial, by the defendant, of having committed a crime charged, is not such a "concealment" as is contemplated by section 13 (2 R. S. 1876, p. 374,) of the act in relation to criminal pleading and practice.

From the Tippecanoe Circuit Court.

*G. S. Orth* and *J. Park,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

BIDDLE, J.—Indictment against the appellant, charging the offence in the following words: "That Hiram Robinson, on the 27th day of October, A. D. 1867, at the county and State aforesaid, and from that day until the 16th day of April, A. D. 1873, in said county and State, did then and there unlawfully live in open and notorious fornication, together with one Mary Watson, a woman, who was then and there, and during all said time, unmarried; he, the said Hiram Robinson, having concealed the fact of said crime, until the 30th day of May, A. D. 1877, by publicly acknowledging and claiming the said Mary Watson to be his wife."

A motion to quash the indictment was overruled, and exception reserved. Plea of not guilty; trial by jury; verdict of guilty; fine of fifty dollars, and imprisonment in the county jail seven months. Over motions for a new trial and in arrest of judgment, and exceptions by the appellant, the court rendered judgment on the verdict.

The first error assigned is, overruling the appellant's motion to quash the indictment.

It appears upon the face of the indictment, by the dates alleged, and by the time it was filed, that the offence is barred by the statute of limitations, unless the allegation that the appellant concealed the fact of the crime is sufficient to take it out of the statute.

It has been held by this court, that the words, "conceals the fact of the crime," in section 13, 2 R. S. 1876, p. 374, must be held to mean the concealment of the fact that a crime had been committed, unconnected with the fact that the accused was the guilty perpetrator; and, further, the enactment evidently intends that the concealment of the fact of the crime must be the result of some positive act done by the accused, and calculated to prevent a discovery of the fact of the commission of the offence of which he stands charged. *Jones* v. *The State,* 14 Ind. 120 ; *The State* v. *Fries,* 53 Ind. 489.

In the case before us, the allegation of concealment does not show that the appellant concealed the fact of the crime, but that he merely acknowledged the affirmative of a fact which it was necessary for the State to negative. A fact is something which exists. The affirmation of something which does not exist is not concealing a fact which does exist. Nor was the thing so affirmed unconnected with the fact that the accused was the guilty perpetrator. Nor does the allegation show any positive act of concealment done, but merely the acknowledgment of a fact which the State alleges did not exist.

According to the construction of section 13, claimed by the State, the mere denial of guilt by the accused would be an act of concealment which would take a case out of the statute of limitations, and put the person charged in the dilemma of either admitting his guilt when accused, or abandoning his right under the statute. This, surely, can not be the meaning of the enactment.

To apply our construction of the statute to the case before us, we think the acknowledgment by the appellant of Mary Watson as his wife was not a positive act which can be held to conceal the fact of the crime of open and notorious fornication. The indictment, in our opinion, is insufficient.

The judgment is reversed, and the cause remanded, with instructions to sustain the motion to quash the indictment.