*Affirmed.*

---

### Ed Addison *v.* The State.

1. THEFT. — INDICTMENT charged the theft by the accused of three horses, the property respectively of three different owners, and alleged that the taking, stealing, and carrying away "was then and there one and the same act, done at the same time and place." *Held,* that the indictment charges but a single offense, and is not exceptionable on the ground that it charges more than one.

2. EVIDENCE ON APPEAL. — With the facts of a case this court ordinarily has but little concern, except to see that the case was submitted to the jury upon proper and legal evidence, and under proper instruction of the law of the case as made by the indictment and the proof, and that there is enough legal evidence to support the conviction. A conflict of the testimony was the concern of the jury.

APPEAL from the District Court of Lamar. Tried below before the Hon. R. R. GAINES.

No witness testified to seeing the horses stolen. The theft was committed in the night, and the owners made pursuit next day, and arrived at Silverstone's store, on Red River, about eight or nine o'clock that night, when four men rode up, three of whom were riding the stolen animals. These three men were the persons jointly indicted with the appellant, who, according to the witnesses for the state, was the fourth man, and who was riding a horse claimed by himself. According to two of the witnesses for the state the appellant, on observing the pursuers, shouted "Charge them! G—d d—n them, charge them!" and an interchange of shots immediately ensued between the two parties, resulting in the dispersion of the thieves. The witnesses saw no more of the appellant that night, but next morning they found him lying on a pallet at Silverstone's, shot in several places. He told one of the state's witnesses that the three horse-thieves had come upon him on the prairie, with cocked pistols, and pressed him into the service of piloting them to a crossing on Red River.

For the defense the appellant's step-mother and two other witnesses were examined, and made quite a strong showing of an *alibi* in his favor.

*Maxey, Lightfoot & Gill*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Winkler, J.  The appellant and three others were jointly indicted in the District Court of Lamar County for the theft of three animals of the horse kind, charged in the indictment to belong to three different owners, but all in charge of, and under the control of, one person. The appellant, being alone on trial, was convicted of the charge, the jury assessing his punishment at confinement in the penitentiary for a term of fifteen years.

The first error assigned is the overruling by the District Court of the defendant's motion to quash the indictment. The grounds set out in the motion to quash are, in substance :

1. That the indictment is vague, uncertain, and indefinite, and charges no offense.

2. It fails to show that the property was taken without the owners' consent.

3. That it charges no offense in plain and intelligible words, as required by law.

4. The indictment is multifarious, and seeks to " mix up in one conglomerated mass several different offenses without making any distinct charge.''

These objections to the indictment appear not to have claimed any attention in the printed brief of appellant on file in the case, or in the motion for a new trial ; and, in fact, even in the motion to quash we are left, in a great measure, to conjecture as to what particular features of the indictment the pleader had in his mind whilst penning the objection thereto, with one or two exceptions. It is set out that the indictment fails to show that the property was taken without the owners' consent, and it may be inferred that it was intended to object that the indictment charges several offenses in one indictment.

These objections to the indictment are not well taken. The indictment charges that the defendants did " fraudulently take, steal, and carry away, from and out of the pos-

session of Samuel Corn, one certain gelding of the value of one hundred dollars,'' the property of Elizabeth Corn, and one certain other gelding of the value of $50, the property of W. D. Corn, " he, the said Samuel Corn, then and there holding possession of said property as aforesaid for the respective owners, the said Elizabeth Corn and the said W. D. Corn; * * * and did then and there unlawfully and feloniously take, steal, and carry away, from and out of the possession of one William Corn, a certain mare of the value of one hundred and twenty-five dollars, the corporeal personal property of him, the said William Corn.'' And the indictment proceeds as follows: " The aforesaid unlawful, fraudulent, and felonious taking, stealing, and carrying away of the aforesaid property as aforesaid, by them, the said [naming the defendants], was then and there one and the same act, done at the same time and place, without the consent of the owners of the said property, and without the consent of the said Samuel Corn,'' etc.

From this extract it is apparent that the indictment does charge an offense against the law in, we think, plain and intelligible language, and that the property was taken without the consent of the owners of the property; and, whilst it is true the indictment does charge the theft of three different animals belonging to three different persons, this does not vitiate the indictment, it also appearing that the taking was, as charged in the indictment, " one and the same act, done at the same time and place,'' and, therefore, constituted but one offense. See the subject discussed at length in the opinions of the court in *Quitzow* v. *The State*, 1 Texas Ct. App. 48, and *Wilson* v. *The State*, 45 Texas, 76. The taking of several articles or animals at the same time and place constitutes one offense, whether the several articles or animals belong to the same person or to different persons.

The other assignments of error relate to what appears to have been the whole theory of the defense, namely, that it was not established by the evidence that the defendant here on trial participated in the taking of the property alleged to have been stolen. That the horses were stolen by some person or persons seems not to be controverted, and there is no dispute as to the proof of ownership as laid in the indictment. But it is insisted, on behalf of the defendant, " that a fair inspection of the transcript will not only show that no case was made out by the state against appellant, but the facts conclusively established his innocence of the offense charged."

With the facts this court has but little concern, except to see that the case went to the jury on proper and legal evidence, and under proper instructions by the judge as to the law of the case as made by the indictment and the proofs, and that there is a sufficient amount of legal evidence to support the finding of the jury. If there is conflict in the testimony, this it was the business of the jury, under proper instructions from the court, to consider and pass upon, giving to the statement of each witness its proper weight, and reconciling seeming conflicts, if this could be done consistently with the well-established facts of the case ; or, if the differences were irreconcilable, then to give the greater weight to the testimony of the witnesses best supported by the general facts of the case about which there is no controversy, having regard, too, to the motives, if any, by which witnesses are likely to be influenced.

There are no bills of exception taken to any ruling of the court on the evidence, nor as to the charges of the court.

The judge, in his general charge to the jury, after giving instructions as to theft, and what constitutes theft in contemplation of law, told the jury : " And if, in addition to these facts, you be satisfied by the evidence, beyond a reasonable doubt, that this defendant, Ed Addison, either took the

horses himself or acted with his co-defendants, or any one or more of them, in taking them, or in any manner aided his co-defendants, or either of them, in taking the horses at the time of the commission of the offense, you will find him guilty, '' etc.

Again, the jury were instructed as follows :

'' In order to convict the defendant it is not necessary that any witness should have testified before you that he saw defendant commit the fact ; but, unless the facts and circumstances proved before you exclude from your minds every other reasonable hypothesis except that of defendant's guilt, you must acquit him. If defendant did not take the horses, nor assist or coöperate in their taking, no subsequent act of his in aiding the guilty parties in conveying away the property would render him guilty, as charged in this indictment. The state having drawn out in evidence the declarations of defendant concerning the transactions, you cannot convict the defendant unless you be satisfied by the testimony, beyond a reasonable doubt, that defendant's account of the affair, as stated in such declarations, is not true.

'' You are the sole judges of the credibility of the witnesses, and of the weight to be given to the testimony, subject only to the test as to legal sufficiency as given above — that is, that it must satisfy your minds, beyond a reasonable doubt, of the facts essential to constitute defendant's guilt, in order to convict him.''

At the instance of the defendant the jury were further instructed as follows :

'' The law presumes every man to be innocent until his guilt is established by competent evidence ; and, in considering the evidence against the defendant in this case, you cannot find him guilty if the transaction can be accounted for on any other reasonable hypothesis.''

We are of the opinion that these charges, taken as a

whole, whether full and minute in every particular or not, fairly submitted to the jury the question of the guilt or innocence of the accused, with reference to the line of defense set up, as we gather it from the record and the argument of the case, in a manner and in language not likely to mislead or be misunderstood, and as favorably to the defendant as was warranted by the evidence.

Other charges were asked by the accused, which were refused by the court, of which the presiding judge, in his refusal, says : " The foregoing charges refused, as having been substantially given, so far as correct instructions." In the refusal to give these additional instructions we see no material error. Our attention has not been specially invited to any such error, and, whether the charge of the court covered fully all the points suggested in argument or not, we are authorized to presume it was satisfactory to the defendant's counsel, in the absence of a bill of exceptions taken at the time and incorporated in the record.

We fail to discover any material error in the rulings of the court in admitting or excluding evidence on the trial below.

There is some discrepancy in the testimony as to the precise whereabouts of the accused at the time the horses were probably stolen, and the statements of the accused, in connection with his conduct, when he came in contact with the party in pursuit of the horses and the thieves, were contradicted by other circumstances proved on the trial, and by the statements of state's witnesses present on the occasion.

After a careful examination of the whole case in the light of the earnest brief of appellant's counsel, we have failed to discover any such error as would warrant a reversal of the judgment rendered in this case against the accused, and, therefore, the judgment herein is affirmed.

*Affirmed.*