## JACKSON v. BUCHANAN.

STATUTE OF LIMITATIONS.—*Crim. Con.*—*Concealment.*—The fact that the defendant in an action for criminal conversation concealed the same by persuading the plaintiff's wife to deny the commission of the wrong, is not sufficient to avoid the statute of limitations of two years.

From the Grant Circuit Court.

*W. A. Bonham, J. Cantwell, J. F. McDowell, G. L. McDowell* and *J. T. Wells,* for appellant.

*A. Steele* and *R. T. St. John,* for appellee.

BIDDLE, C. J.—Action for *crim. con.,* by the appellant, against the appellee.

Answer, general denial, and statute of limitations, that the cause of action did not accrue within two years next before the commencement of the suit.

To this paragraph of answer, the appellant replied:

" That said defendant, Alexander Buchanan, concealed by acts of secretly, by night, going to plaintiff's house, and procuring the wife of said plaintiff to represent to said plaintiff that said facts were not true, there making representations of facts to him, thereby misleading him, the facts complained of in plaintiff's complaint, to which, in said second paragraph of defendant's answer, the statute of limitations is pleaded, from the knowledge of the plaintiff, until a period of time less than two years before this suit was commenced."

To this reply the appellee demurred, on the ground that it does not state facts sufficient to constitute a reply to said answer. The demurrer was sustained, and exceptions reserved. This ruling presents the only question in the case.

The concealment of the fact that a person is liable to an action, to prevent the running of the statute of limitations, under section 219, 2 R. S. 1876, p. 128, must be of a positive and affirmative character, calculated to prevent the discovery of the liability, as by hiding the fact, or avoiding enquiry concerning its existence. *Jones* v. *The State*, 14 Ind. 120; *Boyd* v. *Boyd*, 27 Ind. 429; *Stanley* v. *Stanton*, 36 Ind. 445; *The State* v. *Fries*, 53 Ind. 489; *Wynne* v. *Cornelison*, 52 Ind. 312; *Robinson* v. *The State*, 57 Ind. 113. And where the party knows the fact, or is in possession of the means of detecting it, and neglects to bring his action within the time limited by the statute, he will be deprived of his remedy. Angell Limitations, sec. 188.

The reply under consideration does not fulfil these requisites. To deny a fact, or procure another to deny it, is not a positive or an affirmative act; it is a negation. That the guilty parties should deny the act averred in the complaint, is not calculated to conceal the fact, but rather to awaken the attention of the aggrieved party to its existence, and put him upon enquiry as to its truth; nor does it tend to avoid enquiry concerning it, but

rather to invite it. To hold that the denial of a fact is such a concealment of it as would prevent the statute of limitations from running, would require all persons to admit facts, or remain silent when confronted with them, or place themselves beyond the protection of the statute. The section cited will not bear such a construction.

The court below committed no error.

The judgment is affirmed, with costs.