## JOHN SPRUILL *v.* THE STATE.

1. CATTLE THEFT.— In a trial for theft of a heifer alleged to belong to an unknown owner the evidence showed that the animal, though an estray and the owner unknown, was in the possession of the person on whose premises it ranged. *Held*, that the jury should have been instructed that the want of that person's consent to the taking of the animal by the defendant must be proved to the satisfaction of the jury, by circumstantial evidence or otherwise.

2. SAME.— See evidence held insufficient to sustain a conviction for the theft of an estray.

APPEAL from the District Court of Lampasas. Tried below before the Hon. W. A. BLACKBURN.

The evidence is disclosed in the opinion. A term of two years in the penitentiary was the punishment assessed against the appellant.

*Makemson & Fisher*, and *Matthews & Walker*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WINKLER, J. The count in the indictment upon which the defendant was tried and convicted charges the defendant with the theft of " one head of neat cattle, the property of some person to the grand jurors unknown, of the value of five dollars, without the consent of the owner and with the intent on the part of him the said John Spruill to deprive the owner of the value of said property and to appropriate the same to his own use and benefit."

The proof adduced on the trial seems to identify the animal alleged to have been stolen, as being the offspring of a certain stray cow bearing a certain mark and brand, and running in a certain range in Lampasas county, on and about the premises of one Thad. Brown, who, it seems, subsequently sold his place to one Lewis and moved away. When Brown sold out and moved away,

he says he had some stray cattle posted, among which was one cow branded with the letters T. L., and marked with a cross and upper and underbit on each ear. Brown stated that the cow was known as an estray. He had made general inquiry, but had failed to find the owner, and says he marked the calf in the same mark the cow had, but did not brand the calf. He posted the cow as an estray, but did not post the calf, thinking the increase of the cow would go with her. He says that when he sold the place to Lewis, the defendant lived about 1 1-2 miles from the witness, at Newt. Knight's.

Another witness states that the cow was sold as an estray, but the (calf) heifer was not sold. He says that at a time mentioned he saw on the heifer what he took to be a brand, but could not tell what the brand was; it looked like a part of an S and a part of a K. He thinks the heifer was a two-year-old at the time he noticed the brand, and says she is now five years old (speaking with reference to the time of the trial, May 19, 1881). The brand when he saw it was not plain, but at the time of the trial could not be seen at all. The heifer, he says, ranged about his place, with the cow, and is still there in the range.

William Spruill, a State's witness, who gives his age as fourteen years on January last before the trial, says: "In the spring three or four years ago, the defendant and his brother, Rube Spruill, drove up some cattle and penned them in our pen, and left them there; a day or two afterwards the defendant came back and I saw him pick a brand on one of the animals left in the pen. It was a heifer he picked the brand on, but I do not remember certainly the age or color. I think she was a two-year-old, red-brindle, with white flanks and belly. She may have been one or three years old. The heifer was marked, but I do not remember the mark. The defendant picked the letters S. K. on the heifer, with his fingers." He fur-

ther said he did not know what cow was the mother of the animal.

Witnesses for the defendant testified to having seen and known the animal in question, and had never seen any brand upon it or the like, and Newt. Knight and Lee Knight each testify that they know the reputation of the State's witness William Spruill for truth and veracity in the neighborhood in which he has been living, and that that reputation is bad. Having reference to the proof required of the State to warrant a conviction for theft, the testimony in this case is not sufficient for that purpose.

We are of opinion that the court did not err in refusing to permit the State's witness Brown to testify as to statements made by one Senterfit to the witness concerning the animal in question, as set out in the defendant's bill of exceptions No. 1. If what he had told the witness had been evidence in the case, it should have been proved by the man who made the statements, himself. To have permitted the witness on the stand to state it would have been to violate the well-settled rules of law which exclude hearsay testimony.

The defendant's 2d bill of exception recites the facts, that counsel for the defendant requested two special instructions to be given to the jury. The first instruction relates to the subject of proving that the name of the owner of the animal was unknown to the grand jury. The court had already instructed the jury sufficiently on this subject in the general charge; the one requested was unnecessary, and the court did not err in refusing it. Special instruction No. 2 was, in our opinion, an appropriate charge under the proofs, and the court erred in refusing to give it to the jury. This instruction involved the necessity of proving the want of consent of the person having actual possession of the property charged to have been stolen, in order to support a verdict against the defendant. *Erskine* v. *State*, 1 Texas Ct. App. 405; *Jack-*

*son* v. *State*, 7 Texas Ct. App. 363.   The proof in such case may, however, be made by circumstantial evidence. *Wilson* v. *State*, 45 Texas, 76; *McMahon* v. *State*, 1 Texas Ct. App. 102, and other cases collated in Clark's Texas Crim. L., note 100, p. 259.

Because of error of the court in refusing to give the jury some appropriate instruction as indicated in the refused charge No. 2, and because of insufficiency of the evidence to support the verdict, the judgment will be reversed and the case remanded.

*Reversed and remanded.*