The State *v.* Hoke.

---

No. 9579.

### THE STATE *v.* HOKE.

CRIMINAL LAW.—*Larceny.*—*Indictment.*—*Concealment of Guilt.*—*Limitations.*
—An indictment for larceny, charging the commission of the offence more than two years before the return of the indictment, and that the defendant, by active means, which are specified, concealed the fact that the crime had been committed, until within two years, is good; but it is otherwise when the concealment is shown to have been, not of the crime, but of the defendant's guilt.

SAME.—*Description of Property.*—An indictment for larceny, which describes the stolen property as "six thousand and twenty-seven dollars of the paper money of the United States," is bad.

SAME.—When an indictment for larceny fails to describe the property stolen, it will, nevertheless, be good if it show a sufficient legal excuse for the omission.

From the Harrison Circuit Court.

*M. W. Funk*, for the State.

*W. T. Jones* and *W. R. Peckinpaugh*, for appellee.

ELLIOTT, J.—The second count of the indictment preferred against the appellee charges the crime of larceny, and that it was committed on the 24th day of November, 1878, which

was more than two years before the return of the indictment. The prosecution seeks to avoid the force of the statute of limitation by the following statement: " That the said Cornelius R. Hoke concealed the fact that the above described larceny had been committed, from the 24th day of November, 1878, until the 1st day of January, 1880, by circulating reports that Joseph Hutsler was old and forgetful, and had buried his money ; and that the defendant, to conceal the fact that a larceny had been committed, induced Joseph Hutsler, the owner of the property, to take up his abode at his the defendant's home, and prevented his, Hutsler's, friends from seeing him, and did prevent Joseph Hutsler from communicating with his relatives and friends."

The indictment, as we read it, charges that the accused concealed the fact that a larceny had been committed, and that he did perform positive acts for the purpose of preventing a discovery. It does more than charge that the appellee concealed his connection with the crime, for it avers that he took steps to induce a belief that no theft had been committed ; and, also, that he kept from communication with friends or relatives the owner of the stolen property, and thus effectually concealed not only his own connection with the crime, but the fact of the commission of a crime. The question as to the construction to be given the statute of limitations in criminal cases has been frequently before this court, and it has been uniformly held that something more than the accused's connection with the crime must be shown to have been concealed, and that the concealment, to avoid the running of the statute, must be of the crime itself. *Free* v. *State*, 13 Ind. 324 ; *Jones* v. *State*, 14 Ind. 120 ; *State* v. *Fries*, 53 Ind. 489 ; *Robinson* v. *State*, 57 Ind. 113. The indictment before us is unlike any of those in the cases cited, for it avers the concealment of the fact of the commission of a crime, and specifically states the facts constituting the concealment. In the last of the cases cited, the indictment was held bad because it did not state the facts constituting the act of concealment. This objection, it is man-

The State *v.* Hoke.

ifest, can not be here successfully urged, for the facts are stated. Where an artifice is used, or any corrupt and illegal means resorted to for the purpose of concealing the fact that a crime has been perpetrated, the case is taken out of the statute. The indictment under consideration alleges that the accused did conceal the fact that a crime had been committed, and states the means used and acts done to secure the concealment and prevent discovery.

The third count of the indictment is bad, for the reason that it does not contain a description of the property charged to have been stolen. It was not sufficient, under the code of 1852, to charge that "six thousand and twenty-seven dollars of the paper money of the United States" were stolen. Some description must be given of the bills or notes, or some legal excuse must be shown for a failure to give the proper description. It is not, we may add, accurate to call currency, in the shape of bills or notes, money; for, in the true sense, they are not money. *Boyd* v. *Olvey,* 82 Ind. 294; *Hamilton* v. *State,* 60 Ind. 193 (28 Am. R. 653).

The fourth count of the indictment is good; for it shows an excuse for not describing the bills alleged to have been stolen, and lays the time within two years before the indictment was preferred. 2 Bishop Crim. Proced., section 705.

The fifth count of the indictment is bad. It shows that the crime charged was committed more than two years before the return of the indictment, and that the accused, instead of concealing the fact that a crime had been committed, made that fact public. It is true that the indictment shows that he resorted to artifice to conceal his connection with the crime; but, under the rule laid down in the cases we have cited, this is not sufficient.

For the error in sustaining the motion to quash the second and fourth counts of the indictment, the judgment must be reversed.