## MONTGOMERY *v.* HICKMAN.

HUSBAND AND WIFE.—*Profits of Separate Property of Married Woman.—Replevin.—Constable.—Evidence.*—In an action by a married woman, to recover the possession of certain corn, alleged to be hers, which had been levied upon by the defendant, a constable, to satisfy an execution in his hands against the plaintiff's husband, evidence was offered by the defendant to show that the plaintiff was a married woman and the owner in fee of the land occupied as a farm by the plaintiff and her husband, and used and cultivated by him with her consent, and the products sold by him as his own, and the proceeds used in the support of the family, and that, with her consent, he had rented a field on such farm to be planted in corn, furnishing the plows, teams and seed-corn to the tenant, who was to have one-third of the crop, and that the corn produced on said field was the corn in question.

*Held*, that, under section 5 of "An act touching the marriage relation," etc., 1 R. S. 1876, p. 550, the evidence is inadmissible.

SAME.—Evidence in such case, offered by the defendant, that, after the corn, in controversy had been taken from him by the writ of replevin and turned over, the husband of the plaintiff took charge of such corn, sold the same as his own, and received and appropriated to his own use, the money for the same, is inadmissible.

From the White Circuit Court.

*R. Gregory*, for appellant.

Howk, C. J.—This was an action by the appellee, as plaintiff, against the appellant, as defendant, commenced before a justice of the peace of White county, to recover the possession of a certain quantity of corn, of the alleged value of thirty dollars.

The trial of the cause before the justice resulted in a verdict and judgment for the appellee, from which the cause was appealed to the court below.

In this latter court the cause was tried by a jury, and a verdict was returned for the appellee ; and the appellant's motion for a new trial having been overruled by the court, and his exception saved to such ruling, judgment was rendered for the appellee, upon and in accordance with the verdict of the jury.

The only alleged error properly assigned by the appellant in this court is the decision of the court below in overruling his motion for a new trial.  In this motion the causes assigned for such new trial were as follows :

1. The verdict was contrary to law ;

2. The verdict was contrary to the evidence ;

3. The verdict was contrary to the law and the evidence ; and,

4. For errors of law, occurring at the trial and excepted to at the time, in this : The appellant offered to show that the appellee was a married woman, and was the owner in fee, as her separate property, of the land occupied as a farm by herself and husband, and used and cultivated by the husband, who, with his wife's knowledge and consent, used, sold and marketed the annual products as his own, and used the proceeds in support of the family ; and that, with her assent, he rented a field to be planted in corn, furnishing the plows, team and seed-corn to the tenant, who was to have one-third of the crop ; and that the corn produced on said field was the corn levied upon as the property of her husband to satisfy an execution in the

hands of the appellant, as constable, and was the same corn replevied in this suit. The appellant further offered to show, and called a witness on the stand for the purpose, that, after the corn in controversy had been taken from the appellant by the writ of replevin and turned over, the husband of the appellee took charge of the corn, sold the same as his own, in his own name, and received the money for the same and appropriated it to his own use. To the introduction of which offered evidence the appellee objected, and the court sustained the objections, and to these decisions the appellant excepted.

For the reversal of the judgment in this case, the appellant relies exclusively, in this court, upon the alleged errors of law occurring at the trial and excepted to, which are set out as the fourth cause for a new trial, in his motion therefor. If the evidence offered by the appellant was properly excluded by the court, the judgment must be affirmed ; but, if the court erred in the exclusion of said evidence, or any material part of it, then the judgment must be reversed. It will be seen from the fourth cause for a new trial, the substance of which is set out in this opinion, that the appellant made two offers of evidence on the trial, to both of which the court sustained the appellee's objections and excluded the evidence.

The first of these offers related to matters which occurred or existed at and before the commencement of this suit.

The second offer related exclusively to transactions which occurred subsequently to the commencement of this action and the service of the process therein.

We will consider these two offers, and the action of the court below thereon, in the same order in which we have stated them.

1. In section 5 of " An act touching the marriage rela-

tion and liabilities incident thereto," approved May 31st, 1852, it is provided that the lands of any married woman, " and the profits therefrom, shall be her separate property, as fully as if she was unmarried." 1 R. S. 1876, p. 550.

It seems clear to us that this statutory provision settles the question, as to the admissibility of the evidence first offered, adversely to the appellant. The field rented was the appellee's land; and the rent-corn, levied upon by the appellant, as constable, by virtue of an execution against the appellee's husband, was the profits from the appellee's land. These profits, under the statute, were the appellee's " separate property, as fully as if she was unmarried." The facts which the appellant offered to prove, that, with the assent of the appellee, her husband rented her field to be planted in corn, and that he furnished the plows, team and seed-corn to the tenant, certainly would not show, nor tend to show, in the face of the above statutory provision and contrary thereto, that the husband owned the rent-corn, which was the profits of the appellee's land, and which was her " separate property, as fully as if she was unmarried." It is clear, therefore, we think, that the court did not err in the exclusion of the evidence embraced in the appellant's first offer, and first set out in the fourth cause assigned by him in his motion for a new trial.

2. The second offer of evidence by the appellant was made for the purpose of showing what was done, not by the appellee, but by her husband, with the corn in controversy, after the commencement of this suit, and after the said corn, by virtue of a writ issued in this action, had been taken from the appellant and turned over. The appellee alleged in her complaint, that she was the owner and entitled to the possession of the corn in controversy, and that the appellant had unlawfully taken said corn from the appellee, and had possession thereof without right, and unlawfully detained the same from the appellee. The main

Montgomery *v.* Hickman.

question for trial in this cause was, whether or not the appellee, at the time this suit was commenced, was the owner and entitled to the possession of the corn described in her complaint. It is very clear, we think, that the evidence embraced in the appellant's second offer, above set out, had not and could not have any possible bearing upon the just and proper decision of the main question in this case. This evidence related entirely to the conduct and action, not of the appellee, but of the appellee's husband, in regard to and in connection with the corn in controversy, after the same had been taken from the appellant and turned over, under and by virtue of the process or writ issued in this action. The appellant's offer was, to prove by competent witnesses that, after the corn was taken from the appellant under the writ of replevin issued in this case, and turned over, the appellee's husband took charge of the corn, sold it in his own name, and received and appropriated the proceeds of such sale to his own use. The appellant did not offer to prove that these things were done by the husband with the knowledge or consent of the appellee ; but, if they were so done, it seems very clear to us that these subsequent acts of the husband would not prove, nor tend to prove, that, at the time this suit was commenced, the appellee was not, or that her husband was, the owner of the corn in controversy. In our opinion, no error was committed by the court in the exclusion of the evidence offered by the appellant.

The verdict of the jury was sustained by sufficient legal evidence, and the appellant's motion for a new trial was properly overruled.

The judgment is affirmed, at the appellant's costs