No. 7184.

## SCOTT ET AL. *v.* HUDSON.

HUSBAND AND WIFE.— *Wife's Land.*—*Presumption.*—*Crops.*—*Tenant.*—Where a husband aids the family in the cultivation of his wife's lands, the presumption, in the absence of other proof, is, under our statute, R. S. 1881, section 5116, that the crops produced are hers, and not his as tenant.

From the Crawford Circuit Court.

*B. P. Douglass, S. M. Stockslager* and *S. D. Luckett,* for appellants.

*N. R. Peckinpaugh* and *W. T. Zenor,* for appellee.

BLACK, C.—Elizabeth Hudson, the appellee, sued Harrison H. Scott, Henry Scott and Nelson Wilburn, the appellants, to recover damages for the wrongful taking of certain corn in November, 1877.

A motion for a new trial made by appellants was overruled, and this ruling is alone assigned as error. Of the causes stated in the motion, the giving of a certain instruction to the jury is the only one urged here by counsel.

By admissions made on the trial, it appeared that the appellee was the owner of the land on which the corn in question grew. The corn was raised by the labor of appellee's husband, assisted by appellee and their two daughters, the daughters being unmarried minors, who resided with their

Scott *et al. v.* Hudson.

parents. Appellee owned one horse and one plow used in the cultivation of the corn.

Appellant Harrison H. Scott was a legally qualified deputy county treasurer, and he "had in his hands for collection, as such deputy treasurer, poll taxes against William Hudson, the husband of the plaintiff, none of which accrued on" said corn or on the land on which it grew.

Said deputy treasurer levied on, advertised and sold ninety-two shocks, being two-thirds of the corn so raised, to pay said taxes, the appellant Wilburn being the purchaser. The corn so sold was worth $35, which was the amount of the verdict. It was sold to Wilburn for $4, which sum he paid to said deputy, who applied it on said taxes, which exceeded the amount so received by said deputy.

It was admitted that the corn so sold was taken by appellants. Appellee forbade the sale of the corn by said deputy, and publicly notified him and the bidder at the time of the sale that it was her separate property, and notified the purchaser that it was her property; and when said purchaser and the appellant Henry Scott, who acted with said purchaser, undertook to remove the corn, she forbade their entry upon the premises for that purpose, and forbade the removal of the corn. The rental value of the land on which the corn grew was, in kind, one-third of the crop raised, divided in the field.

The proposition in the instructions to the jury, to which objection is made in argument on behalf of the appellants, was a statement that a married woman may rent her real estate, " or she may hire it cultivated; and because the husband aids in the cultivation, it can not be presumed that he is a tenant and pays rent; and, in the absence of any proof upon that subject, the presumption of the law is that the crops belong to the owner, when the wife with her husband and their children jointly occupy the premises."

The statute provides that " No lands of any married woman, shall be liable for the debts of her husband; but such lands

and the profits therefrom, shall be her separate property, as fully as if she was unmarried." 1 R. S. 1876, p. 550; R. S. 1881, sec. 5116.

It seems to have been supposed by appellants that because the husband aided in the cultivation of the land, the "profits" would be presumed to be only such portion of the crop as would have been the reasonable rental value of the land if let to rent in kind.

If a married woman's real estate should be, in fact, let to rent, the profits would be the proceeds in money or property received by her as rent; but if there be no letting, the profits are the products of the land. The fact that her husband cultivates the land, or assists in its cultivation, will not raise a presumption that he does so as her tenant, and that he owns the products or a portion thereof.

If, by the facts of the case, it had been needed, the instruction might have been more favorable to the appellee; for it is not necessary that the family should reside upon the land of the wife, cultivated by the husband, to make the crops produced the profits of her real estate. The question whether property accumulated through the labor of the husband may be reached in the hands of the wife by the husband's creditors, through a proper proceeding for such a purpose, was not involved in the case.

The property taken by the appellants was plainly the property of the appellee. The question has been before this court several times, and does not now need a lengthy discussion. *Johnson* v. *Runyon,* 21 Ind. 115; *Cooper* v. *Ham,* 49 Ind. 393; *Montgomery* v. *Hickman,* 62 Ind. 598; *Patton* v. *Rankin,* 68 Ind. 245 (34 Am. R. 254); *Stout* v. *Perry,* 70 Ind. 501.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of appellants.