Stone, Administrator, *v.* Brown *et al.*

Filed Oct. 23, 1888.

No. 13,417.

STONE, ADMINISTRATOR, *v.* BROWN ET AL.

FRAUDULENT CONVEYANCE.—*Statute of Limitations.—Constructive Trust.*— Under section 292, R. S. 1881, an action to set aside a fraudulent conveyance must be brought within six years, and the operation of the statute can not be avoided by showing that by the conveyance a constructive trust was created for the grantor's creditors.

SAME.—*Concealment of Cause of Action.— When Sufficient to Avoid Statute of Limitations.*—The concealment of a cause of action, which, under section 300, R. S. 1881, will avoid the operation of the statute of limitations, must be affirmative in character, and the particular acts of concealment or misrepresentation must be set out in the pleading, together with the circumstances of the discovery, and the delay which has occurred must be shown to be consistent with diligence.

SAME.—*Husband and Wife.— When Wife May Acquire Title as Against Creditors.*—Where a husband's land is encumbered by liens to the full value of his estate therein, and the wife, with money furnished by relatives and friends, has become the owner thereof by paying the claims of creditors who have acquired title by judicial sales and by conveyances from the husband and wife, and the subsequent payment of other liens, she will hold the same freed from the claims of the general creditors of her husband.

SAME.—*Purchase-Money.—Payment.—Proceeds of Crops.*—In such case, so far

as the purchase-money was paid from the proceeds of crops raised on the land after it was conveyed to the wife, it was, in contemplation of law, paid by her, even though the husband assisted in producing the crops by managing the farm.

SPECIAL FINDING.—*Silence as to Fact in Issue.—Presumption.*—If the court fails to find on all the facts within the issues, it will be assumed that the party upon whom the burden of the issue in respect to the omitted fact rested, failed to produce evidence in support thereof.

BILL OF EXCEPTIONS.—*Signing.—Authentication of Evidence.*—The signing of a mere skeleton bill of exceptions, which undertakes to incorporate the long-hand manuscript of the evidence by a "here insert," does not amount to an authentication of the evidence by the court.

From the Howard Circuit Court.

*J. O'Brien* and *C. C. Shirley*, for appellant.

*M. Bell, W. C. Purdum, J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon*, for appellees.

MITCHELL, J.—Complaint in two paragraphs by Stone, administrator, against Rebecca S. Brown, George W. Brown and others, to subject certain real estate, charged to have been fraudulently transferred to Rebecca S. Brown, to the satisfaction of an indebtedness alleged to be due the estate of Eaton P. Stone, deceased, from George W. Brown.

The first question made on appellant's behalf arises on the ruling of the court in overruling a demurrer to an answer filed by Mrs. Brown, alleging that the cause of action did not accrue within six years next before the bringing of the suit.

The record shows that the suit was commenced in July, 1885, and it appears from averments contained in the complaint that the conveyances which are assailed as fraudulent were executed more than ten years before the suit was commenced.

The first paragraph of the complaint was framed upon the theory that it was necessary to set up facts in avoidance of the statute, while the second paragraph seeks to avoid the statute by alleging that Rebecca S. Brown took the title in trust for her husband, George W. Brown.

After setting out the facts which, it was assumed, showed that the conveyances were a fraud upon the creditors of George W. Brown, the following averment was introduced into the first paragraph of the complaint, viz.: "And said George W. Brown and Rebecca S. Brown, for the purpose of carrying out and completing their fraud, did, by common agreement between them, give out in words and speeches that said Rebecca S. Brown had obtained money from her friends to make the several purchases, as herein stated, for the purpose of completing the fraud and misleading and deceiving the creditors of said George W. Brown, and this plaintiff never knew that such representations were wholly false, and only made to deceive, until within ten days of the time of filing this complaint."

It is contended that the plea setting up the statute is not good as to the first paragraph, because of the foregoing averment therein, and that, because the second paragraph alleges that Mrs. Brown took the title in trust for the benefit of her husband, the statute does not begin to run until the trust was repudiated or disavowed.

Section 292, R. S. 1881, which limits the time within which actions may be commenced, provides that actions for relief against frauds shall be commenced within six years after the cause of action accrued, and not afterwards. This statute applies to actions to set aside fraudulent conveyances, and its operation can not be avoided by setting up facts which would make the fraudulent grantee a trustee, by legal construction, for the grantor's creditors. Constructive trusts, or trusts which the law forces upon a party in favor of creditors, are not exempt from the operation of the statute. If the facts stated in the second paragraph create a trust, it is, as respects the creditors of George W. Brown, a constructive trust in fraud of their rights as creditors. *Musselman* v. *Kent*, 33 Ind. 452; *Smith* v. *Calloway*, 7 Blackf. 86; *Newsom* v. *Board, etc.*, 103 Ind. 526.

When a person liable to an action conceals the fact from

the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action. Section 300, R. S. 1881.

As has often been declared, the statute of limitations is a statute of repose, and in order to bring a case within the section above referred to, and avoid the operation of the statute, something more than silence, or mere general declarations or speeches, on the part of the person liable, must be shown.

It must appear that some trick or artifice has been employed to prevent inquiry or elude investigation, or calculated to mislead and hinder the party entitled from obtaining information, by the use of ordinary diligence, that a right of action exists; or it must appear that the facts were misrepresented to or concealed from the party, by some positive acts or declarations, when inquiry was being made or information sought, and the particular acts of concealment or misrepresentation made must be set out in the pleading. Besides, "The circumstances of the discovery must be fully stated and proved, and the delay which has occurred must be shown to be consistent with the requisite diligence." *Wood* v. *Carpenter*, 101 U. S. 135. *Jones* v. *State*, 14 Ind. 120; *Stanley* v. *Stanton*, 36 Ind. 445; *Wynne* v. *Cornelison*, 52 Ind. 312; *State* v. *Fries*, 53 Ind. 489; *Robinson* v. *State*, 57 Ind. 113; *Jackson* v. *Buchanan*, 59 Ind. 390; *Ware* v. *State, ex rel.*, 74 Ind. 181; *Churchman* v. *City of Indianapolis*, 110 Ind. 259.

It is not averred in the present case that the "words and speeches" which the defendants Brown and wife agreed to give out, concerning the purchase of the land by Mrs. Brown, were ever uttered in the presence of any one, or, if uttered, that they were communicated to, and acted upon, by the plaintiff. Nor does it appear that any inquiry was ever made concerning their truth, or that any diligence whatever was

employed to discover the facts, nor are the circumstances of
the discovery stated. The court did not err, therefore, in
holding the plea of the statute good. The statute was also
well pleaded to the second paragraph.

The facts as specially found by the court show that on and
prior to July 3d, 1869, the defendant George W. Brown was
the owner of two hundred and forty acres of land in How-
ard county, which he had inherited from his father. The
land was worth from twenty to twenty-five dollars per acre.
He became overwhelmed with debt, and his land was cov-
ered with judgment and mortgage liens, a portion of the land
having been sold at sheriff's sale. On the date above men-
tioned he conveyed the entire tract, his wife joining, to Na-
thaniel Bell by an absolute deed, the latter having furnished
him the money with which to redeem so much of his land as
had been sold on execution. At the time the deed was made
Bell gave back an agreement conditioned that if Brown
would, on or before the 3d day of March, 1870, pay him the
sum of $976.85 he would sell and convey to him the land
theretofore conveyed by Brown and wife, but that if the
money was not paid at the time stipulated, the agreement
was to be void.

The land was encumbered by other liens at the time the
conveyance was made to Bell. Brown remained in posses-
sion, but was wholly unable to pay according to the agree-
ment with Bell. On the 26th day of October, 1870, after
the contract was forfeited, Eleanor Brown, mother of George
W., paid Bell $2,200, and caused the latter to convey the
land theretofore conveyed to him by Brown and wife to Re-
becca S. Brown, the latter agreeing in consideration thereof
to maintain and support Eleanor Brown during her lifetime.
After the conveyance to Mrs. Brown, another parcel of the
land was sold on a decree of foreclosure, and the title passed
into the hands of, and became absolute in, Milton Bell, who
subsequently, upon an arrangement between himself and
Mrs. Brown, conveyed to the latter.

Without detailing the facts specially found at greater length, it is sufficient to say that with the money paid by Eleanor Brown, and with eleven hundred and fifty-two dollars furnished by the father of Rebecca S. Brown, and by executing sundry mortgages upon the land, and by applying the proceeds of crops raised thereon by the joint labor of herself and husband and their children, the title to all the land has been secured in Rebecca S. Brown, subject to some encumbrances that still remain thereon, and this has been done without depriving the general creditors of George W. Brown of anything available to them to pay their debts.

It is evident that the lands were encumbered to the full extent of the value of the estate of George W. Brown therein, and that they would have been wholly lost, both to his wife and family and to his general creditors, but for the intervention of his mother and father-in-law, and other friends, who furnished the money and caused the lands to be redeemed and conveyed to his wife.

Under such circumstances, even though the purpose of the parties was to put the property beyond the reach of the husband's creditors, by causing it to be conveyed to his wife, the creditors are not harmed, and have no right to complain. *McLean* v. *Hess*, 106 Ind. 555, and cases cited.

If, through the bounty of her father and mother-in-law, and other friends, Mrs. Brown has been enabled to save the farm for herself and family, why should the creditors of her husband be permitted to come in and sweep it away ? *Cooper* v. *Ham*, 49 Ind. 393; *Evans* v. *Nealis*, 69 Ind. 148; *Bremmerman* v. *Jennings*, 101 Ind. 253.

She is not in the position of a volunteer, and the authorities relating to voluntary dispositions of their property by debtors are not controlling in a case like the present.

So far as the purchase-money was paid from the proceeds of crops raised on the land after it was conveyed to Mrs. Brown, even though her husband assisted in producing the crops by managing the farm, the payment was nevertheless,

in contemplation of law, made by her.   *Scott* v. *Hudson,* 86 Ind. 286, and cases cited.

The conclusions of law upon the facts found were correctly stated in favor of Rebecca S. Brown.

There was no ground for a motion for a *venire de novo.* If the court fails to find on all the facts within the issues, it will be assumed that the party upon whom was the burden of the issue in respect to the omitted fact, failed to produce evidence in support thereof.   *Mitchell* v. *Colglazier,* 106 Ind. 464.

The original bill of exceptions, which is properly certified up in response to a writ of *certiorari,* brings the case, so far as questions depending upon the evidence are concerned, directly within the ruling in *Wagoner* v. *Wilson,* 108 Ind. 210. The signing of a mere skeleton bill of exceptions, which undertakes to incorporate the long-hand manuscript of the evidence by a " here insert," does not amount to an authentication of the evidence by the court.   We find no error.

The judgment is affirmed, with costs.

Filed Oct. 24, 1888.