No. 17,513.

STATE, EX REL. HARRISON, TRUSTEE, *v.* OSBORN ET AL.

PLEADING.—*Answer.—Limitation of Action.—Practice.*—Upon demurrer to an answer setting up the statute of limitation, the court cannot look beyond the facts alleged in the answer and admitted by the demurrer to the averments in the complaint, to ascertain when the cause of action accrued.

SAME.—*Argumentative General Denial.—Fraudulent Conveyance.—Antenuptial Agreement.*—Paragraphs of a separate answer of a married woman in a suit to set aside conveyances by her husband

through a third person to himself and her as tenants by entireties, as fraudulent as to creditors, setting up an antenuptial agreement for the conveyance of such real estate to a trustee to be reconveyed after the marriage to the husband and wife, and the execution of such conveyance and re-conveyance without knowledge of his indebtedness on her part or intent to cheat, hinder or delay any creditors, are sufficient as argumentative general denials.

STATUTE OF LIMITATIONS.—*Action to Set Aside Fraudulent Conveyance of Real Estate.*—The six years statute of limitations governs a suit to set aside conveyances of real estate as fraudulent in respect to creditors.

SAME.—*Not Interrupted by Appeal.—Fraudulent Conveyance.*—The running of the statute of limitations against a cause of action to set aside a conveyance as fraudulent as to creditors, is not interrupted by an appeal in a suit against the debtor upon the original cause of action in favor of the creditor, as the two might have been joined, or the action to set aside the conveyance been commenced when judgment was recovered upon the original claim.

HARMLESS ERROR.—*Sustaining Demurrer to Argumentative General Denial.—General Denial Subsequently Withdrawn.*—Error in sustaining demurrer to paragraphs of a reply is harmless where they amount only to argumentative general denials, and a general denial is at the time interposed, although it is afterward withdrawn.

From the Cass Circuit Court.

*J. Mitchell, N. N. Antrim* and *J. N. Tillett,* for appellant.

*A. Taylor* and *R. Kimple,* for appellees.

MONKS, J.—This action was brought by appellant to set aside as fraudulent certain conveyances of real estate made by appellee William E. Osborn, and subject said real estate to sale for the payment of a judgment against him and others. The complaint is in three paragraphs.

It is alleged in the first paragraph: "That Jackson township recovered a judgment for $3,770.39 in the Wabash Circuit Court on March 31, 1888, against appellee Osborn and one Lemuel M. Reeves, on a town-

ship trustee's bond signed by them as sureties for one John Q. McIlvaine who became a defaulter and fled on November 19, 1884; that the complaint in said cause was filed and action commenced in the circuit court March 16, 1885, that in November, 1884 said Osborn was the owner of certain real estate (describing it) and that on December 2, 1884, he conveyed said real estate without any consideration to George P. Chenowith in trust, and that on the 10th day of December, 1884, said George P. Chenowith and wife conveyed said real estate without any consideration to the appellees William E. Osborn and Syrena Osborn, his wife, in pursuance of said trust, who now hold said real estate ; that at the time of said conveyance said appellee William E. Osborn did not have any property whatever left with which to pay his then existing debts or any part thereof and had not then nor has he since had nor has he now any property whatever subject to execution out of which said indebtedness or judgment or any part thereof could be made."

The insolvency of Reeves is also alleged in the same manner.    It is further averred that at the time of said conveyance said appellees each knew of said indebtedness and knew of the liability of said William E. Osborn therefor, and said Syrena knew that her husband had no property whatever except said real estate with which the same could be paid.

The second paragraph of complaint is the same as the first except it avers that said William E. Osborn, then unmarried, conveyed said real estate to said Chenowith as trustee without any money consideration, but that said conveyance was made for the consideration stated in said deed, which was "that the deed was made in pursuance and in fulfillment of the marriage contract

with Syrena Brickford, dated November 22, 1884, after which marriage the said Chenowith, grantee and trustee, was required to convey said real estate to said Syrena and William E. Osborn to hold by entireties." It is averred that said Syrena and William E. Osborn were married after the execution of said deed to said trustee and that said trustee on December 10, 1884, conveyed said real estate to appellees and that they now hold the same as husband and wife; that said Syrena at the time of said conveyance then made to her and said William E., knew of said indebtedness and that he had no other property whatever with which to pay the same. There is no allegation in the second paragraph of complaint that said conveyance was made to her without any consideration, or that she had any knowledge of the alleged fraudulent intent and purpose of appellee William E. Osborn in making said transfer of said real estate.

The third paragraph of complaint is the same as the second, except it is not alleged that appellee William E. Osborn had any fraudulent intent in making said conveyance and there is no allegation that appellee Syrena Osborn had any knowledge of said indebtedness of her co-appellee or that he had no property left with which to pay the same.

There is no allegation in either paragraph as to the value of said real estate. Each appellee filed a demurrer for want of facts to each paragraph of the complaint, all of which were overruled by the court. No question as to the sufficiency of the several paragraphs of the complaint is presented here and we therefore express no opinion concerning the same.

Appellees answered in four paragraphs.

The first, second and third paragraphs each answer

the six year statute of limitations.    The fourth is a general denial.

Appellee William E. Osborn also filed a separate answer in four paragraphs which was the same as the joint answer.

Syrena Osborn filed a separate answer in seven paragraphs.    The first, second, third and seventh paragraphs are the same as the first and second, fourth and third paragraphs respectively of the joint answer.   Paragraphs four, five and six of her separate answer set up an antenuptial agreement entered into November 22, 1884, and reduced to writing and signed December 2, 1884, before she and said William E. were married on that day.    It is alleged in the fourth paragraph "That it was agreed that in consideration that she would marry him, he agreed to convey said real estate to a trustee who was after the marriage to reconvey the same to him and her as tenants by entireties; that said real estate was so conveyed to George P. Chenowith on December 2, 1884, before the marriage, and afterwards on December 10, said Chenowith reconveyed the same to her and said William E. Osborn as tenants by entireties; that she had no notice or knowledge when she married him that he was surety on said bond or that he was indebted in any way to said township and that she had no intent to cheat, hinder or delay appellant in the collection of said debt or any creditors of said William E.; that on the 10th of December, 1884, when the deed was executed to appellees she did know of rumors of an indebtedness of said William E. as a surety on a bond of said McIlvaine as trustee of said township."

The fifth and sixth paragraphs of the separate answer are substantially the same as the fourth.

Demurrers were filed to each paragraph of the several

answers (except paragraphs of general denial), which were overruled.

Each of these several rulings of the court is assigned as error.

It is earnestly insisted by appellant that the paragraphs of answer pleading the six years statute of limitation were insufficient. It is said in appellant's brief: "Now we maintain the law to be that while William E. Osborn by deed made December 2, 1884, conveyed the naked paper title to George P. Chenowith, yet in point of fact he, William E. Osborn, was all the time said lands remained in said George P. Chenowith the real owner in equity; * * * that the conveyance to Chenowith and by him to appellees was not such conveyance as to allow the statute of six years to be pleaded to defeat this action, for the reason that one of the owners of said lands and the debtor in the judgment was, during all of said time, the real owner, and is yet, of said lands."

That actions to set aside fraudulent conveyances are governed by six years statute of limitations is well settled. Section 292, R. S. 1881, section 293, 1894; *Stone, Admr.*, v. *Brown*, 116 Ind. 78 (80); *De Armond* v. *Ballou*, 122 Ind. 398, and cases cited.

The demurrer admitted the facts set up in each paragraph pleading the statute of limitations, and we cannot look beyond the facts so admitted, to the averments in the complaint to ascertain when the cause of action accrued. The only question is, does the six years statute govern a case which seeks relief against fraud? This court has held that it does. Thornton's Ind. Prac. Code Annotated, section 292 and cases cited in note 3; *Baugh* v. *Boles*, 66 Ind. 376.

The demurrer admitting the facts alleged, that the cause of action did not accrue within six years, was

properly overruled. *De Armond* v. *Ballou, supra,* and authorities cited.

It is urged by appellant that the fourth, fifth and sixth paragraphs of separate answer of Syrena Osborn were each insufficient.

The paragraphs of separate answer named are only argumentative general denials, and it would have been a harmless error if demurrers had been sustained to each for the reason that her third paragraph of separate answer was a general denial under which the same evidence could have been given. There is no averment in either paragraph of the complaint that appellee Syrena Osborn had any notice or knowledge of the alleged fraudulent intent and purpose of said William E. Osborn in making or causing said conveyance to be made. It is sufficient to aver in the complaint as was done in the first paragraph that the conveyance was made to appellee Syrena Osborn, without any consideration whatever, for the reason that if there was no consideration it was not necessary to allege or to prove such knowledge. *McCole* v. *Loehr,* 79 Ind. 430 (432); *York* v. *Rockwood,* 132 Ind. 358 (359); *McAninch* v. *Dennis,* 123 Ind. 21 (23).

But if she paid a valuable consideration for the conveyance, that fact would be a defense for her, unless knowledge was alleged and proven. Section 4923, R. S. 1881, section 6648, R. S. 1894; *Hays* v. *Montgomery,* 118 Ind. 91 (94); *Scott* v. *Davis,* 117 Ind. 232, and cases cited; *Bunnel* v. *Witherow,* 29 Ind. 123 (132).

So that, in this case, Syrena Osborn, as against the allegations of want of consideration, need only aver that she paid a valuable consideration. *Bragg* v. *Stanford,* 82 Ind. 234 (236). This was done in each of the paragraphs four, five and six of her separate answer.

Marriage is a valuable consideration. *Bunnel* v.

*Witherow, supra; Smith* v. *Allen,* 87 Mass. 454; 81 Am. Dec. 738; *Jones' Appeal,* 62 Pa. St. 324 ; *Wentworth* v. *Wentworth,* 69 Me. 247 ; *Herring* v. *Wickham,* 29 Grat. (Va.) 628, 26 Am. Rep. 405 ; *Prewit* v. *Wilson,* 103 U. S. 22 ; 2 Pomeroy Eq. Jur. (2 ed.) section 969.

In *Bunnel* v. *Witherow, supra,* this court said : "A promise of marriage will support a grant or the transfer of personal property ; it is regarded as a valuable consideration. Such contracts are favored in law and are placed on an equal footing with those supported by an adequate consideration in money. It is said that marriage is regarded as one of the strongest considerations in law, either to raise a use or to found a contract, gift or grant. 1 Parsons on Cont. 554."

Said fourth, fifth and sixth paragraphs were therefore each sufficient as argumentative general denials and the demurrers to the same were properly overruled. Besides the allegations of the complaint and answer show that a contract to marry and for the conveyance was entered into November 22, 1884, and the defalcation of McIlvaine, the township trustee, did not occur until on or after November 29, 1884.

Appellant filed a reply to the several answers, in eight paragraphs. The second, third, seventh and eighth paragraphs of reply were addressed to the paragraphs of the separate answer of appellees, which set up the statute of limitations.

It is alleged in these paragraphs of reply that William E. Osborn when sued with his co-surety Reeves upon the bond of McIlvaine, made a defense to said action, that he first filed a plea in abatement to said action which was decided against him ; that he then applied for a change of venue, and the venue of the said cause was changed to the Wabash Circuit Court ; that after

the change of venue he filed a plea of *non est factum*; that judgment was finally rendered on said bond against said Osborn and Reeves on the 31st day of March, 1888, and that said Osborn appealed from said judgment to the supreme court without giving any appeal bond and said judgment was affirmed by this court in April, 1891, and that said defenses were made and said appeal taken by said William E. Osborn for the purpose of delaying the final judgment in said cause, so that he could plead the statute of limitations against the collection of said judgment in this proceeding; that the action was commenced within six years from the date of filing said plea of *non est factum*, and within six years after the rendition of such judgment on March 31, 1888, and within six years after said judgment was affirmed.

The court did not err in sustaining the demurrer to said paragraphs of reply.   *Stone, Admr.,* v. *Brown,* 116 Ind. 78 (80–81).   When a person liable to an action conceals the fact from the person entitled to bring such action, the action may be commenced at any time within the period of limitation after the discovery.   Section 300, R. S. 1881, section 301, R. S. 1894.   But something more than mere silence or mere declarations on the part of the person liable must be shown.   It must appear that some affirmative act has been employed to prevent inquiry or elude investigation, calculated to mislead and hinder the party entitled from obtaining information by the use of ordinary diligence, that a right of action exists. The circumstances of discovery must be fully stated and the delay which has occurred must be shown to be consistent with the diligence required.   *Stone, Admr.,* v. *Brown, supra.*   No concealment is alleged in the several paragraphs of reply mentioned, nor is any excuse given for the delay in commencing the action.   The

liability on the bond accrued when the defalcation took place, and the right of action to set aside the conveyance as fraudulent accrued when the same was made. From that time the statute commenced to run. There is nothing in the paragraphs of reply that brings the case within any of the exceptions. The action to set aside the conveyance of the real estate could have been joined with the action on the bond, or the action could have been brought after judgment was recovered March 31, 1888, which would have been within six years. The appeal to the supreme court did not prevent the commencement of such action, and even if an appeal bond had been given, that would only have stayed execution.

The fourth and fifth paragraphs of reply are directed to the fourth, fifth and sixth paragraphs of the separate answer of Syrena Osborn, which set up the marriage contract. If the court erred in sustaining the demurrers to these paragraphs of reply, it was harmless for the reason that if sufficient they are only so because they amount to argumentative general denials. The attempt in each of said paragraphs of reply is to set up a contract different from that stated in the paragraphs of answer, all of which could have been given under the general denial.

It is true as claimed by appellant that the general denial was afterward withdrawn, but this cannot render available such harmless error. *Kidwell* v. *Kidwell*, 84 Ind. 224; *Cincinnati, etc., R. W. Co.* v. *Smith*, 127 Ind. 461 (464); *Baltes* v. *Bass Foundry and Machine Works*, 129 Ind. 185 (191).

There is no available error in the record.

Judgment affirmed.

Filed February 11, 1896.